ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

CHRISTOPHER J. NEUMANN, ESQ.*
CASEY SHPALL, ESQ.*
GREGORY R. TAN, ESQ.*
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email:  neumannc@gtlaw.com
        shpallc@gtlaw.com
        tangr@gtlaw.com

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CAESAR L. TORRES,<br><br>                    Plaintiff,<br><br>v.<br><br>C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>                    Defendants. | CASE NO. 2:19-cv-01582-KJD-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING DISCOVERY DEADLINES FOR LIMITED PURPOSES**<br><br>**(FIRST REQUEST)** |

COME NOW Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard" or "Defendants") and Plaintiff Caesar Torres ("Plaintiff"), by and through their undersigned counsel of record, pursuant to LR IA 6-1, and hereby stipulate that the discovery deadlines be extended for the limited purpose of allowing the depositions of Plaintiff's disclosed family and friend witnesses as well as Defendants' applicable territory and/or district managers as outlined below.  This is the first request for extension of discovery deadlines for this limited purpose.

/ / /

1

1   The parties have engaged in settlement discussions, have conducted written discovery, and are now in the process of deposing fact witnesses.  Plaintiff has been deposed.  His treating physicians have also been deposed or will be deposed within the deadline set by the Stipulated Discovery Plan and Scheduling Order, Dkt. 42.  However, in an effort to conserve the resources of the Parties and to facilitate settlement discussions, the Parties have agreed to reserve the right to take the depositions of Plaintiff's disclosed family and friend witnesses, as well as Defendants' applicable territory and district managers, until no later than thirty (30) days before trial is scheduled to begin.

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested extension.  Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").  Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence.  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

This Court therefore has broad discretion to extend deadlines or stay proceedings as incidental to its power to control its own docket – particularly where, as here, such action would promote judicial economy and efficiency. *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (*citing, Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) ("Whether to grant a stay is within the discretion of the court"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

/ / /

/ / /

2

For the foregoing reasons, the parties stipulate and respectfully request that this Court modify the Stipulated Discovery Plan and Scheduling Order, Dkt. 42, as follows (requested modifications are **bolded**):

| PROPOSED DATE | DEADLINE |
|---|---|
| March 23, 2021 | Case-specific fact discovery closes **with the exception of depositions of Plaintiff's disclosed family and friend witnesses and Defendants' applicable territory and district managers (which shall be taken no later than 30 days before trial is scheduled to begin)**. |
| April 20, 2021 | The Plaintiff shall produce case-specific expert reports. |
| May 18, 2021 | The Defendants shall produce case-specific expert reports. |
| June 15, 2021 | The Plaintiff shall produce any case-specific rebuttal expert reports. |
| July 13, 2021 | The Defendants shall produce any case-specific rebuttal expert reports. |
| August 10, 2021 | Deadline to depose the Plaintiff's case-specific experts. |
| September 6, 2021 | Deadline to depose the Defendants' case-specific experts. |
| October 4, 2021 | Deadline to file Daubert motions and other dispositive motions. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

**IT IS SO STIPULATED**.

Dated this 12th day of February 2021.

| | |
|---|---|
| WETHERALL GROUP, LTD. | GREENBERG TRAURIG, LLP |
| By: */s/ Peter C. Wetherall*<br>PETER C. WETHERALL, ESQ.<br>Nevada Bar No. 4414<br>9345 W. Sunset Road, Suite 100<br>Las Vegas, Nevada 89148<br>Email: pwetherall@wetherallgroup.com<br><br>*Counsel for Plaintiff* | By: */s/ Eric W. Swanis*<br>ERIC W. SWANIS, ESQ.<br>Nevada Bar No. 6840<br>10845 Griffith Peak Drive, Ste. 600<br>Las Vegas, Nevada 89135<br>Email: swanise@gtlaw.com<br><br>CHRISTOPHER J. NEUMANN, ESQ.*<br>CASEY SHPALL, ESQ.*<br>GREGORY R. TAN, ESQ.*<br>*Admitted Pro Hac Vice<br>GREENBERG TRAURIG, LLP<br>1144 15th Street, Suite 3300<br>Denver, Colorado 80202<br>Telephone: (303) 572-6500<br>Email: neumannc@gtlaw.com<br>shpallc@gtlaw.com<br>tangr@gtlaw.com<br><br>*Counsel for Defendants* |

### ORDER

IT IS ORDERED that the parties' stipulation is GRANTED.  To the extent the excepted depositions are necessary for either party's summary judgment briefing, the excepted depositions must be taken prior to the deadline for dispositive motions.

**IT IS SO ORDERED**

**DATED:** 5:39 pm, February 16, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4